Mr. Chief Justice Shakicey
delivered the opinion of the court.
This action was brought by Lyons and Gilmore, against Williams & Hamilton, as partners, and process was issued to Madison *477 county against Williams, which was nót returned, but process was duly served on Hamilton, in Hinds county, and he appeared and pleaded to the action. A discontinuance was entered as to Williams, and on the trial, Hamilton requested the court to charge the jury, that they could not find against' him alone in the absence of the writ against Williams, and without a return thereon; which instruction the court refused to give, and a verdict was rendered for the plaintiffs. This is the ground on which the case is brought to this court. ■
This proceeding was in conformity to the practice as it has prevailed in this state; and I Avas inclined to think that it was authorised by some statutory provisions; but I have not been able to find any that existed prior to the last session of the legislature. As a practice deriving its force from the common law, it Avould rest upon questionable grounds..
In joint contracts, a plaintiff could not proceed against one until the appearance of the other; but in process, not bailable where the cause of action was joint and several, the whole of the parties might be included in the process, and the plaintiff might declare against them separately. 1 Sellon’s Practice, 236.
This rule would furnish an analogy in support of the present case. The process was not bailable, being in reality nothing more than a summons, and by our practice, the declaration is filed when the writ issues, so that a plaintiff might lose the privilege of proceeding against such as were served Avith the process, if he could not discontinue as to the others.
The contracts of partners, so far as their liability is concerned, are joint and several, each partner being liable for the Avhole amount, and no injury can therefore result from permitting a discontinuance as to one, Avhen it does not change the liability of the other. Whatever the rule may have been, however, it must now be considered as fixed by the operation of the act of 1836. See laAVS of 1836, p. 62. By this act the contracts of partners are declared to be joint and several, and a plaintiff may sue any member of a firm, either severally, or as co-partners. It is presumable that the English rule only existed because of the joint cause of action, a party not being at liberty to shoiv by the record *478 that the contract was joint, and to proceed against one alone. If the joint interest did not appear on the record, it was pleadable in abatement, and whenever it appeared to the court, the party was not allowed to progress against part of the joint contractors, but was compelled to begin de novo against all that were liable.
If this was the reason, as I take it to have been, it is wholly destroyed by the statute above mentioned, since it is quite as reasonable that a discontinuance may be entered as to one partner, as that he may be left out entirely at the discretion of the plaintiff.
After the discontinuance, it becomes but a suit against the party retained as defendant, and as he could not object if it had been against him alone, it seems unreasonable that he should be allowed to object to a discontinuance as to his co-partner, and that he alone is prosecuted. The statute was evidently designed to facilitate collections from partners by removing what were considered technical objections, and it is but just that it should be so construed, as to effect the object desired.
As this suit was tried before the passage of the act, there may be some doubt whether it'ought to operate on the case before us; but if the judgment were to be reversed, and the cause remanded, at the next trial it would be subject to the operation of the statute, and the plaintiff could then do what he ■ has already done, discontinue as to Williams, and it must; therefore, be useless to remand a cause, where the court would be authorised to proceed precisely in the same way that it has already done. Independent of this consideration, however, I am not satisfied that it was error by the common law to discontinue as to Williams. If the contract had been purely joint, I should have entertained no doubt, but being joint and several, it is by no means clear to my mind, that it was error.
Judgment affirmed.